## UNITED STATES v. CARASCO.

(First Division. Juneau. September 10, 1920.)

No. ———B.

1. **Indictment and Information** ⬅130—**Joinder of Counts—Criminal Law.**

Two counts in the same indictment, one charging malicious assault on Adolph Brycki, and the other charging an assault on Al. Forsythe, both on the same day, are counts for offenses "which may be properly joined" in the same indictment.

⬅See same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

**2. Indictment and Information ⬤⟳130—Demurrer—Criminal Law.**
The fact that an indictment charges more than one crime is no longer a legal ground of demurrer.

**3. Indictment and Information ⬤⟳127—Words and Phrases—"Which may be· Properly Joined."**
The clause "which may be properly joined," in chapter 39, Session Laws Alaska 1913, permitting the joinder of two or more counts in the same indictment, simply rests in the trial court a sound discretion in deciding whether a fair and impartial trial would be prevented by such joinder, notwithstanding the same would be permitted by one or more of the clauses mentioned in the first part of the section.

J. A. Smiser, U. S. Atty.

O. P. Hubbard, of Juneau, for defendant.

JENNINGS, District Judge. The indictment in this case is in two counts. The first count charges a malicious assault upon Adolph Brycki, alleged to have been made on the 27th day of July, 1920. The second count charged an assault on Al. Forsythe, alleged to have been made on the same day. Both assaults are said to have been made with a .32-caliber pistol loaded with powder and leaden bullets.

Defendant has demurred to the indictment on the ground that it does not substantially conform to the requirements of chapter 7, title XV, of the Code of Criminal Procedure, Compiled Laws of Alaska 1913, in that it charges more than one crime.

The fact that an indictment charges more than one crime is no longer a legal ground of demurrer. Chapter 39, p. 65, Session Laws of Alaska 1913, expressly provides that, when there are several charges against any person * * * for two or more acts or transactions of the same class of crimes or offenses, which may be properly joined, instead of having several indictments, the whole may be joined in one indictment in separate counts. Unless the words "which may be properly joined" can be construed to mean that an assault on one person cannot be joined in the same indictment with an assault on another person, it is manifest that the demurrer must be overruled. In this connection, if it is to be held that two such offenses cannot under any circumstances be joined, then there would be no sense in the statute; but, on

the other hand, what does the statute mean by the use of the words quoted? This statute is identical with section 1024, R. S. U. S. (U. S. Comp. St. § 1690), and the words have received judicial construction. In Dolan v. U. S., 133 Fed. 440, on page 446, 69 C. C. A. 274, on page 280, the Circuit Court of Appeals for the Eighth Circuit, say:

"It is contended, however, by counsel for the defendants, that all these early provisions of section 1024 are limited and qualified by the clause 'which may be properly joined,' and that we must look to the common law to ascertain whether the joinder is proper or not. We do not accept this construction of the statute. Sectin 1024 [U. S. Comp. St. 1901, p. 720] was intended to abrogate the technical rules of the common law on the subject with which it deals. The clause 'which may be properly joined' simply vests in the trial court a sound discretion in deciding whether a fair and impartial trial would be prevented by a joinder, notwithstanding the same would be permitted by one or more of the clauses mentioned in the first part of the section. There are often circumstances which would render a uniting of several offenses unjust to a defendant, and, as the old cases put it, 'confound him in the making of his defense.'

"Whenever such a situation arises, the trial court will protect the defendant's right to a fair trial. 'Whether the joinder was calculated to embarrass the prisoner, and therefore the offenses not "properly joined," within the meaning of the statute, was a question to be determined by the judge, in his discretion, on a motion to quash or to compel an election.' United States v. Bennett, Fed. Cas. No. 14572. It is urged by counsel for the defendants that, 'if the argument in support of the consolidation be observed to its ultimate consequence, you may consolidate two indictments for murder—one of A. and the other of B.' And this is presented as a persuasive reason why the consolidation allowed was improper; but the Supreme Court, in the case of Poindexter v. United States, 151 U. S. 396, 14 Sup. Ct. 410, 38 L. Ed. 208, sanctioned the joining in one indictment of two counts charging the murder of different persons."

The demurrer is overruled, and the defendant will be given such time as is proper in which to plead.